## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ALLEN MERING HOUX MORENO,** | : | **Case No. 2:22-cv-2288** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | **Chief Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **WARDEN, MIAMI** | : | |
| **CORRECTIONAL FACILITY,** | : | |
| | : | |
| **Respondent.** | : | |

### ORDER and REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Miami Correctional Facility in Bunker Hill, Indiana who is proceeding without the assistance of counsel, has filed a petition for a writ of habeas corpus in this Court. (ECF No. 4.) Petitioner is currently in custody based on his 2019 Marion County, Indiana conviction and sentence. (*Id.* at PageID # 55.) Although his Petition lacks clarity, it appears that Petitioner seeks to challenge the constitutionality of his state-court guilty plea in the Franklin County Court of Common Pleas, Case No. 00-CR-7202. (*Id.* at PageID # 56.) In support, Petitioner alleges that his defense attorney in the underlying state-court action rendered ineffective assistance of counsel in failing to advise him of the immigration consequences of his guilty plea and conviction. (*Id*. at PageID # 60; *see also* Pet.'s Response to Show Cause Order at PageID # 107 (alleging state-court judge failed to inform him of the immigrations consequences of his guilty plea).) Petitioner also requests "judicial review" of rulings issued by the Board of Immigration Appeals. (*See* Pet.'s Response to Show Cause Order at PageID # 107 ("I'm asking that this Court Order a Judicial review for the [B]oard of Immigration [] Appeals.").) Finally, Petitioner indicates that he is a citizen of the Republic of

Panama and seeks relief in the form of expedited removal or an order of voluntary departure. (Pet. at PageID # 62; Pet.'s Response to Show Cause Order at PageID # 109.)

This matter is before the undersigned pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which state that this Court "must promptly examine" the instant Petition and must dismiss the petition "[i]f it plainly appears . . . that the petitioner is not entitled to relief." *See, e.g., Cole v. Byam*, No. 1:11-cv-115, 2011 WL 1166899, at *1 (W.D. Mich. Feb. 25, 2011) (noting that Rule 1(b) of the Rules Governing Section 2254 Cases affords district courts with discretion to apply the Section 2254 rule to other types of habeas corpus cases, including those brought under 28 U.S.C. §§ 2241 or 1651). Having performed this examination of Moreno's Petition, for the reasons that follow, it is **RECOMMENDED** that Moreno's Petition be **DISMISSED**.

## I.     28 U.S.C. § 2241

As set forth above, Petitioner characterizes his habeas petition as being filed pursuant to 28 U.S.C. § 2241. However, "[a] petition for habeas corpus under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian." *Walker v. Morrison*, 13 F. App'x 316, 317 (6th Cir. 2001); *see also U.S. v. Jenkins*, 4 F. App'x 241, 242 (6th Cir. 2001) (same). Where a petitioner files his pleading in the wrong court, the court may dismiss the petition for lack of jurisdiction. *See Jenkins*, 4 F. App'x at 243 (concluding that the district court properly dismissed the prisoner's § 2241 petition where he improperly filed in a district court outside of the district in which he was confined). Accordingly, to the extent that Petitioner seeks release from his current imprisonment at the Miami Correctional Facility in Bunker Hill, Indiana under § 2241, it is **RECOMMENDED** that the Court **DISMISS** his

Petition **WITHOUT PREJUDICE** to his ability to refile in the district where he is incarcerated.

## II.    28 U.S.C. § 2254

To the extent that Moreno's Petition is properly characterized as a challenge to his

Franklin County, Ohio conviction under 28 U.S.C. § 2254, it must likewise be dismissed because

Petitioner is no longer in custody under that conviction and sentence.   Section 2254(a) provides

that district courts have jurisdiction to entertain petitions for habeas relief "only from persons

who are *in custody* in violation of the Constitution or law or treaties of the United States."

*Maleng v. Cook,* 490 U.S. 488, 490 (1989) (emphasis in original) (internal citation and quotation

marks omitted).   "[T]he habeas petitioner must be 'in custody' *under the conviction or sentence*

*under attack* at the time his petition is filed."   *Id.* (citing *Carafas v. Lavallee,* 391 U.S. 234, 238

(1968)) (emphasis added).   Except in limited situations, the custody requirement is not met if the

petitioner files his habeas petition after the sentence imposed for the challenged conviction has

"fully expired."   *See id.* at 493–94; *see also Lackawanna Cty. Dist. Attorney v. Coss,* 532 U.S.

394, 401 (2001); *Steverson v. Simmers,* 258 F.3d 520, 522–25 (6th Cir. 2001).   "[O]nce the

sentence imposed for a conviction has completely expired, the collateral consequences of that

conviction," such as the inability to vote, engage in certain businesses, hold public office or serve

as a juror, "are not themselves sufficient to render an individual 'in custody' for the purposes of a

habeas attack on it."   *Maleng,* 490 U.S. at 492. *See also White v. Kapture,* 42 F. App'x 672,

673–74 (6th Cir. 2002).   Applied here, Petitioner was sentenced to serve one year in the Ohio

Department Rehabilitation and Correction on September 24, 2003.   (ECF No. 1 at PageID ##

18-19.)   Petitioner completed his sentence well before filing the instant petition in 2022 (and

being convicted in Indiana in 2019) such that this Court lacks jurisdiction over a challenge to the

3

expired 2003 state-court conviction under § 2254.

Regardless, even if Petitioner could proceed under § 2254, Petitioner is not entitled to federal habeas relief based on his conclusory assertions that his defense attorney and the state-court judge failed to advise him of the immigration consequences of his guilty plea.   In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the United States Supreme Court held that the Sixth Amendment requires counsel for a criminal defendant to inform a defendant about the potential for deportation as a consequence arising from a guilty plea.   559 U.S. at 374.   In 2013, the Supreme Court held that *Padilla* announced a new rule of law such that it did not apply retroactively.   *Chaidez v. United States*, 133 S.Ct. 1103, 1106–07 (2013).   Thus, under *Chaidez*, "defendants whose convictions became final prior to *Padilla* cannot benefit from its holding." *Id*. at 1113.   Applied here, because Moreno's 2003 conviction became final prior to the 2010 *Padilla* decision, Moreno is not entitled to the relief he seeks.

For these reasons, to the extent Petitioner seeks relief under 28 U.S.C. § 2254, it is **RECOMMENDED** that his Petition be **DISMISSED.**

### III.    Judicial Review of Immigration Proceedings

Finally, to the extent that Petitioner seeks judicial review of his immigration proceedings or any order concerning his removal, his recourse is to file a petition for review in the appropriate court of appeals.[1]   *See Tota-Maharaj v. Holder*, 416 F. App'x 558, 559 (6th Cir.

---

[1]*See* 8 U.S.C. § 1252(a)(5), stating that "a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."   Section 1252(b)(9) further states: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

2011) ("Congress provides this court with exclusive jurisdiction to review a final order of removal.").   As to Petitioner's request for voluntary departure, Petitioner has not demonstrated, and the Court is unaware of, any authority permitting this Court to issue such an order.   Rather, the statute governing voluntary departure, 8 U.S.C. § 1229(c), provides that the Attorney General may permit an alien to voluntarily depart the United States in lieu of or at the conclusion of removal proceedings under certain circumstances.   Section 1229 further *precludes* judicial review of the denial of a request for an order of voluntary departure.   *See* § 1229(c)(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b), nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure.").   Accordingly, to the extent Petitioner seeks judicial review of his immigrations proceedings or an order granting his request for voluntary departure, it is **RECOMMENDED** that his Petition be **DISMISSED** because this Court lacks jurisdiction to grant such relief.

## IV.    Motion to Appoint Counsel (ECF No. 5.)

Petitioner's Motion to Appoint Counsel (ECF No. 5) is **DENIED WITHOUT PREJUDICE** to re-filing at a later stage of this case.   Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right.   *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted).   Rather, "[i]t is a privilege that is justified only by exceptional circumstances."   *Id*. at 606.   The Court has evaluated the factors used to assess whether such circumstances exist in this case and has determined that appointment of counsel is not warranted at this juncture.

5

## V.    Disposition

For the reasons set forth above, to the extent that Petitioner seeks release from his current imprisonment at the Miami Correctional Facility in Bunker Hill, Indiana under § 2241, it is **RECOMMENDED** that the Court **DISMISS** his Petition **WITHOUT PREJUDICE** to his ability to refile in the district where he is incarcerated.    To the extent Petitioner seeks relief under § 2254 or judicial review of a decision or order of the Board of Immigration Appeals, it is also **RECOMMENDED** that his Petition be **DISMISSED**.    Finally, Petitioner's Motion to Appoint Counsel (ECF No. 5) is **DENIED WITHOUT PREJUDICE** to re-filing at a later stage of this case.

**IT IS SO ORDERED**.

/s/ Chelsey M. Vascura
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).    A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.    Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.    28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).